## HENDERSON V. BEARD.

1. STATUTE OF FRAUDS: *Agreement to sell land.*

In an action to recover damages for the breach of a contract for the sale of land, an undelivered deed of the defendant to a third person is not sufficient to take the case out of the statute of frauds, where, upon the face of the deed, the plaintiff is a stranger to the contract and there is no memorandum in writing connecting him with it. Nor could the plaintiff rely on such deed, if it could be shown by parol that the title it purports to pass was to be held in trust for him, unless it was also shown that the grantee had, on his part, offered to perform the contract.

2. SAME: *Same: Authority of agent.*

Where an agent is simply authorized to sell land, he has no authority to sell it on credit without retaining a lien by contract for the security of the purchase money; and his agreement to make such unauthorized sale, although in writing, will not bind his principal.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

JOHN S. LITTLE, Judge.

This is an action to recover damages for the breach of a contract for the sale of real estate. The complaint alleges that on the 9th day of March, 1887, the plaintiff, Henderson, purchased from the defendant, Beard, a house and lot on Garrison avenue, in the city of Fort Smith, for which he agreed to pay the sum of $11,000—one-third to be paid in cash and the balance in two equal payments, in one and two years, with ten per cent. interest from date until paid; that on the 28th day of March, 1887, the plaintiff tendered the defendant the full amount of the cash payment and stated his willingness to complete the contract; but the defendant refused to make a deed to the property which, since the 9th day of March, 1887, had increased in value to the amount of $3000, for which sum the plaintiff sued. For answer the defendant filed a general denial, and pleaded the statute of frauds. On the trial of the cause, the plaintiff proved that the firm of Williams Bros. had attended to business for the defendant for a number of years; that they had collected rents for his house on Garrison avenue and were agents for no other property belonging to him; that in February and March, 1887, they had a correspondence with the defendant in reference to a sale of his property and that the first letter received from him in regard to the matter, was dated February 26, 1887. This letter authorized Williams Bros. to sell the property for $9000, if that price could be obtained; if not, it was left to their discretion to sell for $8500. It also directed them to send papers for signature.

The second letter was as follows:

"CITRA, FLA., March 3, 1887.

"*Messrs. Williams Bros., Fort Smith, Ark.:*

"GENTLEMEN—I received telegram to-day from a Mr. Dabbs asking me to wire him the least money that would buy my store. I did not answer by wire, but wrote him that you were my agents there and had my price. I hope you have sold at $9000 before this, but if you can't get above figures take $8500. I wrote Mr. D. Dabbs I hoped he would give you $10,000 for it. Hoping the boom will continue, I am, yours truly,

[Signed.]                                    " R. A. BEARD."

The third letter from defendant to Williams Bros. was as follows:

"CITRA, FLA., March 14, 1887.

"*Messrs. Williams Bros., Fort Smith:*

"GENTLEMEN—I received telegram from Mr. Givens, stating that he could get $12,000 for store if I was not bound by sale, and asks to give preference at that price. I do not understand what sale he has reference to, as I have not heard a word from you since your telegram that you were offered $8500. Please write me if you can get $12,000 *now*. Hoping to hear from you soon, I am, yours,

[Signed.]                                    "R. A. BEARD."

It was also proved on the part of the plaintiff that on the 9th day of March, 1887, Williams Bros. sold the property to the plaintiff for $11,000. The plaintiff paid at that time $300 on the price, for which the following receipt was given:

"Received of Eugene Henderson three hundred dollars, part payment on part of lot 12, block 17, fronting on Garrison avenue, city of Fort Smith, Ark., known as the property of R. A. Beard. Consideration, eleven thousand dol-

lars; one-third cash, balance in one and two years, equal payments, with ten per cent interest from date until paid.

[Signed.]             "R. A. BEARD.
                           " Per Williams Bros.'"

When the trade was closed the plaintiff directed that the deed be made to himself. He afterwards ordered it made to J. A. Sweet. The agents consented and directed the deed drawn to Sweet, but ordered an abstract of title to be delivered to the plaintiff. Williams Bros. forwarded the deed to the defendant and received in reply the following letter:.

                "CITRA, FLA., March 15, 1887.
" *Messrs. Williams Bros., Fort Smith:*

"GENTLEMEN—Your favor containing deed just received. I will return it immediately or bring it. I think I will leave to-morrow (16) for the Fort, stopping over one day at Tupelo. Hoping to see you soon, I am, yours truly,

[Signed.]              "R. A. BEARD."

The letter to which this was a reply stated that the property had been sold " for $11,000, as per payments stated in the deed," and gave directions as to the execution and return of the deed, but did not mention the name of the purchaser. Sweet had agreed with the plaintiff to join him in the purchase. The defendant arrived at Fort Smith a few days after his letter of March 15 was received. In the meantime, some defects were discovered in the title, and Sweet declined to complete the purchase. It seems that Sweet's refusal to purchase was communicated to the defendant a few days after he reached Fort Smith. The plaintiff told him that Sweet was afraid of the title, but that he, the plaintiff, would take the property, and proposed that the deed to Sweet should be deposited in the bank until another could be executed. The defendant refused to make any other

deed. There was testimony to show that the plaintiff then offered to accept the deed executed to Sweet—to make the first payment and to execute notes for the deferred payments; and that this offer was declined by the defendant, who declared that he "considered the trade off." There was also testimony to show that the defendant was willing to complete the sale made by Williams Bros. only on condition that the deferred payments were secured by mortgage. The deed referred to as having been sent by Williams Bros. to the defendant was produced by the latter on the trial, and read in evidence. It purported to convey the property described in the complaint to J. A. Sweet, and reserved a vendor's lien to secure deferred payments. It was signed and acknowledged by the defendant and his wife. The court excluded from the jury all the letters, the receipt and the deed offered in evidence by the plaintiff. The verdict and judgment were for the defendant and the plaintiff appealed.

*Clendenning & Read* and *F. A. Youmans*, for appellant.

1. Was the memorandum in writing sufficient to take the contract out of the statute of frauds? As to the requirements of such a memorandum, see Brown St. Fr., sec. 371; 45 Ark., 17; 14 N. Y., 589; 95 U. S., 289; Brown St. Fr., secs. 371 *a*, 372, 376, 382, 385.

The letters, the receipt, and the deed fill all these requirements. 15 N. W. Rep., 674; Brown St. Fr., sec. 348; 22 Ohio, 75; 65 Am. Dec., 666; 58 Am. Dec., 212; 6 Grat., 78; 4 S. W. Rep., 835; 81 Ill., 317; 95 U. S., 289; 56 N. Y., 230; 99 U. S., 100.

2. Parol evidence was admissible to show that appellant and not Sweet was the real purchaser. 1 Gr. Ev., 282; and to identify the property. 1 Peters, 640; 95 U. S., 444; 40 N. Y., 357; 33 Mass., 227; 95 U. S., 200; 14 N.Y., 584.

Henderson v. Beard.

See also Add. on Cont., vol. 2, secs. 513 and 522; 2 Parsons on Cont., p. 660, that when no time is specified, it must be done within a reasonable time, and 79 Mo., 227, and 48 Miss., 247, as to supplying facts by parol proof. Also 4 S. W. Rep., 835, a case like this.

The appellee, *pro se*.

The contract is not sufficiently set out in the memoranda in writing. *It must be certain in itself*, or capable of being made certain by reference to something else whereof the terms can be ascertained. 13 Johns., (N. Y.) 229; 12 Vesey, 466.

Parol evidence not admissible. 2 Kent, 511; Brown St. Fr., sec. 371; 3 Pars. Cont., p. 13; Brown St. Fr., sec. 385, note 2.

See also 45 Ark., 17; 66 Ga., 338; 42 Am. Rep., 73.

PER CURIAM.

The court did not err in excluding from the consideration of the jury the memoranda offered to take the case out of the statute of frauds. If reliance is placed upon the unde-livered deed to Sweet, it must fail because upon the face of it the plaintiff is a stranger to the contract, and there is no memorandum in writing connecting him with it; if it could be shown by parol that Sweet was to hold the title in trust for the plaintiff, still the contract shows that Sweet is the party with whom the defendant contracted, and the record fails to disclose a tender of performance of the contract on his part. On the contrary, it shows affirmatively that he repudiated it.

If we look to the receipt executed and delivered to Hen-derson by Williams Bros. as agents for Beard, and concede that it contains all the requisites of a perfect contract, we find no authority in them to execute such a contract. They

had authority to sell the land, but that did not authorize them to enter into a contract to sell on credit without retaining a lien by contract for the security of the purchase money. The contract was not, therefore, signed by an agent authorized to bind the person to be charged. Affirmed.